UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES A. BLAIR SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:14-CV-437 JD |
| | ) |
| PORTER COUNTY CHILD SUPPORT, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff James A. Blair Sr. filed a *pro se* complaint alleging claims under 42 U.S.C. § 1983 against Porter County Child Support and Laura Stafford, a Porter County prosecutor. [DE 1]. Plaintiff also filed a petition for leave to proceed *in forma pauperis*. [DE 2]. While the Plaintiff meets the financial requirements to proceed without prepaying the filing fee, the Court also has an obligation under 28 U.S.C. § 1915(e)(2) to dismiss a complaint if the Court determines that it "fails to state a claim on which relief may be granted." Under federal pleading standards:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and internal citations omitted). When a complaint is confusing or lacking in necessary detail, the district court is "within its rights" to dismiss the complaint with leave to replead. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006).

The factual allegations in the complaint are as follows, in full:

(1) Violation of my civil rights not being able to speak on my behalf, (2) being held accountable after proving my innocen[ce], (3) being told they will do what

> they want with me as they feel, (4) being charged money for a child that was not mine, (5) case was found with false documents fi[le]d by my ex-wife but still found to be held against me.

As for the relief requested, the complaint states only, "I would like the case against me dismissed."

For a number of reasons, the complaint fails to state a claim for which relief may be granted. First, it does not appear that either defendant is a proper defendant. "Porter County Child Support" does not appear to be an actual entity, and the county prosecutor is protected against claims such as these through prosecutorial immunity. Second, if the state court case has already concluded, which is not clear, these claims would be barred by the *Rooker-Feldman* doctrine, which "bars federal jurisdiction when the federal plaintiff alleges that [his] injury was caused by a state court judgment." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002). Where that is the case, a plaintiff's recourse is to appeal through the state courts instead of filing a separate federal suit. The "pivotal inquiry in applying the [*Rooker-Feldman*] doctrine is whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Id.* Here, the only relief Plaintiff seeks is to dismiss the case against him, so if that case has concluded, *Rooker-Feldman* would apply and this Court would have no jurisdiction over these claims.

If the state court case has not concluded, in which case *Rooker-Feldman* would not apply, this Court would technically have the authority to enjoin the state court proceedings, but "principles of equity, comity, and federalism" would overwhelmingly weigh against exercising that authority under these circumstances. *See Mitchum v. Foster*, 407 U.S. 225, 243 (1972) (noting that, although § 1983 actions are exceptions to the Anti-Injunction Act, the "principles of equity, comity, and federalism . . . must restrain a federal court when asked to enjoin a state court proceeding"); *A.B. ex rel. Kehoe v. Hous. Auth. of S. Bend*, No. 3:11-cv-163-PPS, 2011 WL

2692966, at *5 (N.D. Ind. July 8, 2011) ("To obtain federal injunctive relief impeding a pending state court proceeding, the federal plaintiff must surpass the normal showing of irreparable injury, and posit the existence of irremediable harm both great and immediate.").

Finally, the complaint does not contain enough facts to adequately notify the Defendants of the claims against them and their basis. A complaint need only include a "short, plain statement of the claim," Fed. R. Civ. P. 8(a)(2), but it is unclear from these allegations what actually happened or how those events amount to violations of Plaintiff's federally protected rights.

For those reasons, the complaint fails to state a claim on which relief may be granted, and must be dismissed. However, the Court will allow the Plaintiff to file an amended complaint should he wish to attempt to cure any of these deficiencies.

For these reasons, the court:

(1) STRIKES the complaint [DE 1];

(2) TAKES the *in forma pauperis* petition [DE 2] under advisement;

(3) GRANTS the Plaintiff to and including January 16, 2015, to file an amended complaint; and

(4) CAUTIONS the Plaintiff that if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED.

ENTERED: December 16, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court